IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

BRANDON JAMAR BELL,

       Petitioner,

v.                                         Case No. 1:19-cv-00804

C. MARUKA, Warden,

       Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned **RECOMMENDS** that the District Court **DENY** the § 2241 petition and **DISMISS** this matter, with prejudice, from the docket of the Court.

I.    **Factual and Procedural Background**

    *A. Conviction and Sentence*

Petitioner Brandon Jamar Bell ("Bell") pled guilty in the United States District Court for the Eastern District of North Carolina ("the Sentencing Court") to one count of conspiracy to distribute and possess with intent to deliver 280 grams or more of cocaine base and five kilograms or more of cocaine in violation of 21 U.S.C. § 846.

*United States v. Bell*, No. 4:12-CR-68-FL-1, 2018 WL 890072, at *1 (E.D.N.C. Feb. 14, 2018). Under the advisory United States Sentencing Guidelines ("the Guidelines"), Bell's suggested sentence was 262 to 327 months of imprisonment. *Id.* at *3. However, Bell was designated a career offender under § 4B1.1 of the Guidelines, which increased the advisory range to 292 to 327 months of imprisonment. *Id.* Under USSG § 4B1.1, a person could be designated a career offender if his instant conviction was a felony crime of violence or controlled substance offense and he had two or more prior felony convictions for either a crime of violence or controlled substance offense. Bell was classified as a career offender, in part, due to his North Carolina conviction for assault inflicting serious bodily injury ("AISBI"). *Id.* at *1.

Nonetheless, despite Bell's career offender status, on May 7, 2013, the Sentencing Court sentenced him to 195 months of imprisonment followed by five years of supervised release. (ECF No. 9-1 at 2-4). Therefore, Bell "was sentenced well below the applicable advisory sentencing guidelines range even if he had not been designated a career offender." *Bell*, 2018 WL 890072, at *3. Bell did not appeal his conviction or sentence. *Id.* at *1.

### B. *Motion to Modify Sentence*

Bell filed a motion to reduce his sentence under 18 U.S.C. § 3582(c). On March 15, 2016, the Sentencing Court granted Bell's motion and reduced his term of imprisonment to 175 months. (ECF No. 9-2 at 2).

### C. *§ 2255 Motion*

By counsel, Bell filed a motion under 28 U.S.C. § 2255 challenging his career offender status pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Bell*, 2018 WL 890072, at *1. In *Johnson*, the Supreme Court considered a portion of the Armed

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), under which a person could receive more severe punishment as an armed career criminal if the person had at least three prior "violent felony" convictions. *Johnson,* 135 S. Ct. at 2555. As defined in the ACCA, the term "violent felony" included any crime punishable by imprisonment for a term exceeding one year that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court found that the broad definition of "violent felony" contained in the ACCA's residual clause was unconstitutionally vague because it left too much uncertainty as to what acts and crimes would qualify as violent felonies. *Id.* at 2557-58. Therefore, the Supreme Court found that imposing an enhanced sentence by using the residual clause of the ACCA violated the Constitution's guarantee of due process. *Id.* at 2563.

However, after Bell filed the § 2255 motion based on *Johnson*, the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). The Supreme Court was asked to examine the constitutionality of the career offender residual clause in the Guidelines given the *Johnson* decision striking down the same clause in the ACCA. The Court concluded that the residual clause in the Guidelines was not unconstitutionally vague, explaining that "[u]nlike the ACCA ... the advisory Guidelines do not fix the permissible range of sentences." *Beckles*, 137 S. Ct. at 892. Rather, the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* As such, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.*

Following the *Beckles* ruling, Bell voluntarily dismissed his § 2255 motion without prejudice pursuant to Federal Rule of Civil Procedure 41(a). *Bell*, 2018 WL

890072, at *1. Bell then filed a *pro se* § 2255 motion. He again argued based on *Johnson* that his sentence was unconstitutional because his North Carolina conviction for AISBI was not a crime of violence for purpose of the Guidelines. *Bell*, 2018 WL 890072, at *1. Bell also contended that his sentence enhancement violated due process and that he was actually innocent of being a career offender. *Id*. The Sentencing Court denied the motion. It found that Bell's motion was untimely, noting that his one year limitation period under § 2255(f) expired in May 2014, but he did not file the motion until June 2017. *Bell*, 2018 WL 890072, at *2. Furthermore, the Sentencing Court discussed that Bell's claims failed on the merits because Bell was sentenced under the Guidelines, not the ACCA, which was the statute addressed in *Johnson*. *Id*. at *3. The Sentencing Court cited *Beckles*, stating that the Guidelines were not amenable to *Johnson* vagueness challenges. *Id*.

Additionally, the Sentencing Court discussed that Bell was properly sentenced as a career offender because the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") held that a North Carolina conviction for AISBI qualified as a crime of violence under the residual clause of the Guidelines. *Id*. (citing *United States v. Thompson*, 874 F.3d 412, 417–18 (4th Cir. 2017). The Sentencing Court noted the lack of prejudice regarding Bell's career offender designation, as it imposed a sentence of imprisonment that was below the advisory Guidelines range that Bell might have received even if he had not been classified a career offender. *Id*.

### D. § 2241 Petition

On November 8, 2019, Bell filed the instant petition pursuant to 28 U.S.C. § 2241. For a third time, Bell argues that he was improperly designated a career offender under the Guidelines. (ECF No. 1 at 2). He states that the Fourth Circuit determined in

4

*United States v. Jones*, No. 5:15-CR-5-FL, 2015 WL 4133747 (E.D.N.C. July 8, 2015), that a North Carolina conviction for AISBI was not a crime of violence under the advisory Guidelines. (*Id.*). Bell argues that § 2255 is inadequate or ineffective to test the legality of his sentence pursuant to the four-part test established in *United States v. Wheeler*, 886 F. 3d 415, 428 (2018). Bell filed a supplemental pleading in which he cited to an additional case to bolster his argument, *Faison v. Gomez*, No. 3:19-cv-00012, 2019 WL 2030133 (N.D.W. Va. May 8, 2019).

Respondent filed a response to Bell's § 2241 petition, arguing that the petition should be denied, and the matter dismissed. Respondent contends that Bell's challenge to his sentence is properly raised under § 2255, and it must be pursued in the proper judicial district. (ECF No. 9 at 5-6). Respondent notes that Bell already filed a § 2255 motion; therefore, the Court could construe the petition as a request for permission to file a second or successive § 2255 motion and transfer the matter to the Fourth Circuit. (*Id.* at 6-7). However, Respondent argues that the Court should instead dismiss the petition because it is procedurally barred. (*Id.* at 7-8). Respondent disputes that Bell can avail himself of the § 2255(e) savings clause and proceed under § 2241 because he fails to satisfy the *Wheeler* test. (*Id.* at 8-11).

## II.   **<u>Analysis</u>**

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). On limited occasion, the "savings clause" of 28 U.S.C. § 2255(e), allows a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to take the place of a § 2255 motion when the remedy under § 2255 is inadequate or ineffective, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115

F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001).

Rather, the savings clause creates a narrow exception by which a prisoner may challenge his or her sentence under § 2241 if the claim meets four criteria: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 429. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Wheeler* criteria. *See Hood v. United States*,  2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014).

Here, Bell argues that the Sentencing Court improperly designated him a career offender under the Guidelines. (ECF No. 1 at 2). Thus, he unequivocally challenges the validity of his federal sentence. However, neither of the two cases cited by Bell to support his argument that his sentence is unconstitutional satisfy the *Wheeler* criteria. First, as Respondent asserted, *Jones* was not a Fourth Circuit case. Rather, it was a decision from Bell's Sentencing Court and concerned an entirely different North Carolina statutory scheme than the statute which served as the predicate felony conviction in Bell's case.  In *Jones*, the Sentencing Court held that assault with a deadly weapon inflicting serious injury ("AWDWISI"), in violation of N.C. Gen. Stat. § 14–

6

32(b), was not a crime of violence because the State could obtain an AWDWISI conviction upon a showing of a mental state less than recklessness. *Jones*, 2015 WL 4133747, at *3. By contrast, Bell was convicted of AISBI in violation of N.C. Gen. Stat. § 14–32.4. Therefore, the *Jones* ruling, even if it was binding authority, is inapplicable to his case. Moreover, the Sentencing Court rejected its unpublished *Jones* holding in a subsequent decision. *United States v. Johnson*, No. 7:15-CR-54-FL-1, 2016 WL 7168064, at *2  n 2(E.D.N.C. Dec. 8, 2016) ("On this basis, the court rejects its earlier unpublished holding in [*Jones*], that AWDWISI does not constitute a crime of violence under § 2K2.1.").

The second case upon which Bell relies is equally inapplicable in this matter. *Faison*, another district court case, concerned a defendant who was classified as a career offender under the mandatory Guidelines based on a prior Maryland conviction. *Faison*, 2019 WL 2030133, at *1. None of those facts occurred in Bell's case. Bell was sentenced as a career offender under the advisory Guidelines based on a North Carolina conviction. Furthermore, the Fourth Circuit has clearly resolved the issue raised in Bell's petition concerning whether a conviction for AISBI is a predicate felony under the career offender guideline. In *Thompson*, 874 F.3d at 413–14, a defendant appealed his sentence, arguing that his prior conviction for AISBI in violation of N.C. Gen. Stat. § 14–32.4 did not qualify as a crime of violence under § 4B1.2. The Fourth Circuit held the appeal in abeyance pending the Supreme Court's decision in *Beckles*. *Thompson*, 874 F.3d at 414. The Fourth Circuit ultimately found that Thompson's prior AISBI conviction constituted a crime of violence under the residual clause of the career offender guideline. *Id.* at 417-18. Therefore, Bell fails to identify substantive law that has changed, which affected his sentence, and was deemed to apply retroactively on

collateral review.

Given that Bell challenges the imposition of his sentence and has not shown that his remedy under § 2255 is inadequate or ineffective, his petition is properly construed under § 2255. Unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the prisoner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Therefore, if the Court chooses to construe the petition as a § 2255 motion, then the matter must be transferred to the appropriate court, as the Court lacks jurisdiction over the action. By statute, "upon receiving a wrongfully filed petition in a civil action, a court 'shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.'" *United States v. McNeill*, 523 F. App'x 979, 983 (4th Cir. 2013) (quoting 28 U.S.C. § 1631). Transfer of a petition that is filed in the incorrect court is not mandatory. *Id.* at 984. Rather, a district court retains the discretion to dismiss, rather than transfer, a petition that is frivolous or time-barred. *Id.*

In this case, Bell's action must be dismissed, rather than transferred to the sentencing jurisdiction, for several reasons. First, the instant action was filed more than one year after his conviction became final. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Reviewing the petition, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3, or 4 of § 2255(f). As the Sentencing Court explained regarding Bell's previous § 2255 motion, the time period within which Bell could file a § 2255 motion expired in May 2014. *Bell*, 2018 WL 890072, at *2. Bell did not file the instant petition until November 2019. (ECF No. 1). Therefore, the petition was clearly filed after the expiration of the one-year limitation period.

Furthermore, the record does not provide a basis for equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (holding that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (stating that the AEDPA statute of limitations can be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result."). Therefore, Bell's petition is very clearly untimely. An additional factor weighing in favor of dismissal is that Bell has not received authorization from the Fourth Circuit to file a second or successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. §

2244(b)(3)(A), which would remove any benefit to be gained from a transfer to the Sentencing Court. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W. Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W. Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

The Court may exercise its authority under 28 U.S.C. § 1631 and recharacterize the petition as a motion for pre-filing authorization and transfer it to the Fourth Circuit for consideration. However, for a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205.

Here, "tak[ing] a peek at the merits" of the petition, Bell does not set forth any potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. He does not assert any newly discovered evidence or new rule of constitutional law that applies to his case. Rather, he raises the same *Johnson* claim that the Sentencing Court previously denied. Thus, because the petition does not allege a potentially meritorious claim, transfer to the Fourth Circuit is not "in the interest of justice."

For the foregoing reasons, the undersigned **FINDS** that this court lacks

jurisdiction to consider Bell's habeas petition. The undersigned further **FINDS** that the petition is frivolous and time-barred. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding district judge **DENY** the petition and **DISMISS** this action, with prejudice.

### III.    <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED** and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v.*

*Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** September 24, 2020

Cheryl A. Eifert
United States Magistrate Judge

12